IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| THE STATE OF OREGON, by and through the OREGON STATE TREASURER on behalf of the OREGON PUBLIC EMPLOYEE RETIREMENT FUND,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>MERCK & CO., INC., RAYMOND V. GILMARTIN, JUDY C. LEWENT, ALISE S. REICIN, KENNETH C. FRAZIER, EDWARD M. SCOLNICK, RICHARD C. HENRIQUES, MARY M. MCDONALD, and PETER S. KIM,<br><br>　　　　　　　Defendants. | CV-05-1463-PK<br><br>OPINION AND ORDER |

KING, Judge.

This case was originally filed in Multnomah County Circuit Court for the State of Oregon. Defendants filed a timely Notice of Removal to this court based on diversity of citizenship. On January 6, 2006, Magistrate Judge Paul Papak issued a Findings and Recommendation (doc. 32) that the case should be remanded to state court on the ground that

1 -  OPINION AND ORDER

this court lacks subject matter jurisdiction based on diversity. Magistrate Papak concluded that the Oregon Public Employees Retirement Fund is an "arm" of the state of Oregon and, therefore, not a "citizen" for purposes of determining diversity jurisdiction. *See Mitchell v. Los Angeles Community College District,* 861 F.2d 198 (9th Cir. 1989)(an entity that is an "arm of state" is entitled to Eleventh Amendment immunity in federal court to the same extent as the state itself).

Defendants filed timely objections to Magistrate Papak's Findings and Recommendation. They assert this court should apply a *de novo* standard of review pursuant to 28 U.S.C. § 636(b)(1) because plaintiff's motion to remand is a dispositive motion. Plaintiff, however, asserts the motion to remand is a nondispositive motion and, therefore, this court should review the Findings and Recommendation to determine whether they are clearly erroneous or contrary to law. 28 U.S.C. § (b)(1)(A).

Although there is a split of authority, the majority of district courts that have considered the issue, including this court and other district courts within the Ninth Circuit, have determined that a motion to remand is a nondispositive motion. *See MacLeod v. Dalkon Shield Claimants Trust,* 886 F. Supp. 16, 18 (D. Or. 1995)(*"*Magistrate Judge Stewart, duly appointed by this court pursuant to 28 U.S.C. § 631, had the authority to enter an order of remand, a nondispositive pretrial matter, pursuant to 28 U.S.C. § 636(b)(1)(A)."). *See also Maui Land & Pineapple Co. v. Occidental Chemical Corp.,* 24 F. Supp.2d 1079, 1080 (D. Hi. 1998)(A motion for remand is a nondispositive pretrial matter because it does not terminate the litigation or dispose of any claim); *Bearden v. PNS Stores, Inc.,* 894 F. Supp. 1418, 1419 (D. Nev. 1995); *Delta Dental of Rhode Island v. Blue Cross & Blue Shield of Rhode Island,* 942 F. Supp. 740, 743 (D. R.I. 1996). *But see First Union Mortgage Corporation v. Smith,* 229 F.3d 992, 995 (10th Cir. 2000)(a motion

to remand is a dispositive motion because it "banishes the entire case from the federal court."); *In re U.S. Healthcare,* 159 F.3d 142, 146 (3rd Cir. 1998). The Ninth Circuit Court of Appeals has not directly addressed the issue.

I agree with plaintiff that the appropriate standard of review is whether Magistrate Judge Papak's Findings and Recommendation are clearly erroneous or contrary to law. Furthermore, upon careful review, I conclude Magistrate Judge Papak's Findings and Recommendation that (1) the Oregon Public Employee Retirement Fund is an arm of the state of Oregon and (2) this court, therefore, lacks subject matter jurisdiction, are not clearly erroneous or contrary to law.

Accordingly, I **ADOPT** the Findings and Recommendation (doc. 32) of Magistrate Judge Paul Papak, and **ORDER** this matter remanded to the Circuit Court for the State of Oregon for the County of Multnomah.

IT IS SO ORDERED.

DATED this   25th   day of January, 2006.


    /s/ Garr M. King
Garr M. King
United States District Judge